# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. SHUMAKER, | ) | CASE NO. 1:11CV2801 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the report and recommendation of the Magistrate Judge in the above-entitled action, recommending that the Commissioner's decision be affirmed in part and remanded in part. (Doc. No. 16.)

On January 29, 2013, the Commissioner filed a response, indicating that he would not be filing any objections. (Doc. No. 17.) The plaintiff filed no objections and made no request for an extension of time.[1]

The Court has reviewed the Magistrate Judge's report and recommendation and accepts the same, adopting its reasoning as the Court's own. Accordingly, the Court concludes that substantial evidence does not support the Commissioner's decision denying plaintiff's claim for

---

[1] Under the relevant statute, objections were due within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1)(C). The R&R was filed on January 15, 2013, and was immediately served electronically. *See* Fed. R. Civ. P. 5(b)(2)(E). Under Fed. R. Civ. P. 6(a)(1) and (d), when computing time for filing objections, January 15th is excluded, every day thereafter is counted, and three additional days are added. Therefore, objections were due on February 1, 2013. Failure to file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a de novo determination by the district court of any issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

disability insurance benefits only to the extent that the Administrative Law Judge failed to discuss

the impact, if any, of three decisions by the Department of Veterans Affairs ("VA") that plaintiff is

disabled to some extent under its regulations.[2]

Accordingly, the Commissioner's decision to deny plaintiff's claim for disability

insurance benefits is **AFFIRMED in part** and **REMANDED in part** under sentence four of 42

U.S.C. § 405(g) for proceedings consistent with the conclusion above.

**IT IS SO ORDERED**.

Dated: February 4, 2013

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] As properly noted in the R&R, "[b]ecause VA standards differ from the standards employed by the [Social Security Administration], VA decisions are not binding on the determination of whether an individual is disabled for purposes of social security disability. . . . However, while not binding, the Sixth Circuit has observed that disability decisions of other governmental agencies must be taken into account." (Doc. No. 16 at 1445, citing cases.)